20-1675
Pozotempan-Ahuejote v. Garland

BIA
Ruehle, IJ
A 201 217 310/314

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

1      At a stated term of the United States Court of Appeals
2  for the Second Circuit, held at the Thurgood Marshall
3  United States Courthouse, 40 Foley Square, in the City of
4  New York, on the 23rd day of November, two thousand twenty-
5  two.
6
7  PRESENT:
8            GERARD E. LYNCH,
9            RAYMOND J. LOHIER, JR.,
10           STEVEN J. MENASHI,
11                *Circuit Judges.*
12  ————————————————————————————————
13
14  JUAN POZOTEMPAN-AHUEJOTE, DAVID
15  POZOTEMPAN-TEPEYAC,
16           *Petitioners*,
17
18           v.                                    20-1675
19                                                 NAC
20  MERRICK B. GARLAND, UNITED
21  STATES ATTORNEY GENERAL,
22           *Respondent.*
23  ————————————————————————————————
24
25  FOR PETITIONERS:            Jose Perez, Esq., Syracuse, NY.
26
27  FOR RESPONDENT:            Brian Boynton, Acting Assistant
28                             Attorney General; Bernard A.

```
1                              Joseph, Senior Litigation Counsel;
2                              Roberta O. Roberts, Trial
3                              Attorney, Office of Immigration
4                              Litigation, United States
5                              Department of Justice, Washington,
6                              DC.
```

7    UPON DUE CONSIDERATION of this petition for review of a

8  Board of Immigration Appeals ("BIA") decision, it is hereby

9  ORDERED, ADJUDGED, AND DECREED that the petition for review

10  is DENIED.

11    Petitioners   Juan   Pozotempan-Ahuejote   and   David

12  Pozotempan-Tepeyac, natives and citizens of Mexico, seek

13  review of an April 27, 2020, decision of the BIA affirming a

14  June 15, 2018, decision of an Immigration Judge ("IJ") denying

15  their motions for a continuance and to amend their prayer for

16  relief to include applications for asylum, withholding of

17  removal, and relief under the Convention Against Torture

18  ("CAT").  *In re Juan Pozotempan-Ahuejote, David Pozotempan-*

19  *Tepeyac,* Nos. A 201 217 310/314 (B.I.A. Apr. 27, 2020), *aff'g*

20  Nos. A 201 217 310/314 (Immig. Ct. Buffalo June 15, 2018).

21  We assume the parties' familiarity with the underlying facts

22  and procedural history.

23    We have considered both the IJ's and the BIA's opinions.

24  *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528

1   (2d Cir. 2006).  We review the denial of motions to continue

2   or accept untimely filings for abuse of discretion.  *See*

3   *Dedji v. Mukasey*, 525 F.3d 187, 191 (2d Cir. 2008); *Morgan v.*

4   *Gonzales*, 445 F.3d 549, 551–52 (2d Cir. 2006).  An abuse of

5   discretion occurs if the IJ's "(1) . . . decision rests on an

6   error of law (such as application of the wrong legal

7   principle) or a clearly erroneous factual finding or (2) [his]

8   decision—though not necessarily the product of a legal error

9   or a clearly erroneous factual finding—cannot be located

10  within the range of permissible decisions." *Morgan*, 445 F.3d

11  at 551–52.

12      We find no abuse of discretion in the IJ's denial of

13  leave to add claims for asylum, withholding of removal, and

14  CAT relief or to continue proceedings to document those

15  claims.  "IJs are accorded wide latitude in calendar

16  management, and we will not micromanage" scheduling

17  decisions.  *Morgan*, 445 F.3d at 551.  An IJ "may grant a

18  motion for continuance for good cause shown."  8 C.F.R.

19  § 1003.29.  Similarly, an IJ may "disregard the deadlines

20  imposed by the local rules of an immigration court, taking

21  into consideration a removable alien's right to a 'reasonable

1  opportunity to examine the evidence against [him] [and] to

2  present evidence on [his] own behalf.'" *Dedji*, 525 F.3d at

3  192 (quoting 8 U.S.C. § 1229a(b)(4)(B)). "Where an alien has

4  demonstrated good cause for the failure to timely file

5  documents and a likelihood of substantial prejudice from

6  enforcement of the deadline, an IJ may, in the exercise of

7  his informed discretion, depart from the deadline." *Id.*

8      Petitioners, a father and his son, had been in removal

9  proceedings since 2012, but did not move to add claims for

10 asylum, withholding of removal, and CAT protection and to

11 continue proceedings to present evidence in support of those

12 claims until their June 2018 merits hearing, which had been

13 set to consider their long-standing prayer for voluntary

14 departure.  They substituted counsel in January 2018, five

15 months prior to the hearing, having employed previous counsel

16 continuously since at least May 2014.  They cited the

17 November 2016 disappearance of Pozotempan-Ahuejote's brother

18 to explain why they did not raise these claims before the

19 June 2018 hearing, but also noted that the claims were based

20 on a 2012 incident in Mexico, in which David was robbed and

21 assaulted.  Counsel said he had not had time to prepare more

4

than a "bare bones" application in the five months leading up to the hearing, but Petitioners did not identify what evidence they planned to submit in support of the application. Counsel alleged that he had been unable to obtain the file from the prior attorney, but conceded that he had not requested the file from the immigration court.

Based on these facts, the agency did not abuse its discretion in denying the oral motions to amend the prayer for relief and continue proceedings. The Immigration Court Practice Manual requires motions and amendments to be filed at least 15 days in advance of a hearing, and Petitioners waited until the hearing to seek to add forms of relief and continue proceedings. *See* Immigration Court Practice Manual § 3.1(b)(2)(A).[1] Moreover, Petitioners did not show good cause for delay because, among other reasons, counsel could have filed a motion before the hearing. *Id.* § 3.1(d)(3) (IJ "retains the authority to determine how to treat an untimely filing"). Because petitioners should have and could have sought the relief earlier, the agency did not deprive them of due process. *See Burger v. Gonzales*, 498 F.3d 131, 134 (2d

---

[1] Available at: https://www.justice.gov/eoir/reference-materials/ic/chapter-3/1.

1  Cir. 2007) ("To establish a violation of due process, an alien

2  must show that she was denied a full and fair opportunity to

3  present her claims or that the IJ or BIA otherwise deprived

4  her of fundamental fairness." (quotation marks omitted)).

5      For the foregoing reasons, the petition for review is

6  DENIED.  All pending motions and applications are DENIED and

7  stays VACATED.

```
8                          FOR THE COURT:
9                          Catherine O'Hagan Wolfe,
10                         Clerk of Court
```